## FILKIN *vs.* FERRIS, executor of Miller.

In 1839, F. purchased of M. and others a farm of 100 acres, and took a convey- ance of all except two shares of ten acres each. To secure the payment of $2500, part of the purchase money, F. gave M. his bond, and a mortgage upon the premises, the last payment of which, being $350, was to become due on the 21st of July, 1845. On the 5th of April, 1839, M. executed to F. her bond, in the penalty of $400, conditioned that her son R. M. should convey his share, which was ten acres, of the land. R. M. came of age on the 21st of July, 1845. The mortgage was foreclosed, and the premises were sold to satisfy the debt, on the 1st of April, 1843, for $336.58 less than the debt and costs. On the day of sale, F. assigned to the plaintiff the bond of M., given to him for the con- veyance of R. M.'s share. After R. M. became of age the plaintiff demanded the deed of M., who refused to procure it. In an action brought by the plain- tiff, upon that bond, as assignee; *Held*, that the amount remaining due upon the decree of foreclosure was a proper subject of *set-off*.

THIS action was by the assignee of a bond for the conveyance of real estate. The breach alleged was the refusal to convey or procure a conveyance. The facts are sufficiently stated in the opinion.

*Z. A. Leland*, for the plaintiff.

*P. G. Clark*, for the defendant.

*By the Court*, JOHNSON, P. J. There can be no doubt, I think, that this case was correctly disposed of at the special term. The facts are briefly these. In April, 1839, Aaron Fil- kin purchased of Betsey Miller and others a farm of 100 acres,

and took a conveyance of all except two shares of ten acres each. To secure the purchase money, or a portion thereof, the purchaser executed to Betsey Miller his bond and a mortgage upon the premises, to secure the payment of $2500 ; the last payment of which, being the sum of $350, was to become due on the 21st of July, 1845. Betsey Miller, on the 5th of April, 1839, executed to A. Filkin her bond in the penalty of $400, conditioned that her son Robert Miller should convey his share, which was ten acres, of the land. Robert came of age the 21st of July, 1845, the same day the last payment fell due by the terms of the bond and mortgage. The payments not having been made on the bond and mortgage, the mortgage was foreclosed and the premises were sold to satisfy the debt, on the 1st of April, 1843, and the avails, after payment of costs, failed to satisfy the mortgage into $336.58. The decree of sale was made on the 7th of February, 1843. On the 1st of April, 1843, the day of the sale, A. Filkin assigned to the plaintiff, Derick L. Filkin, the bond in question for the conveyance of the ten acres of land. After Robert Miller came of age, and about two years before the trial, the plaintiff demanded the deed of Betsey Miller, who refused to procure it. The action is upon this bond, and the damages for not procuring the deed were determined to be $307.80. The defendant, as executor, in his answer, interposed the amount due by the decree of foreclosure as a set-off, which the court, at special term, allowed. It is clear that the plaintiff took the assignment subject to all the equities between the original parties. The covenant to convey could not be enforced, in any event, until the last payment upon the bond and mortgage became due. And the assignee took it subject to the obligation of his assignor to make his payments according to the conditions of his bond. Had the assignor brought this action, there can be no question as to the defendant's right of set-off; and the same rule must apply to the plaintiff, as he stands in this respect in the shoes of the assignor. It is said that the defendant's demand was not due at the time of the assignment, and was not then the subject of a set-off; and that it is not therefore within the statute. But the demand was then in existence, and would become due as

soon as any right of action could accrue to the plaintiff. It was then an existing demand, though not due, for all the purposes of an equitable set-off at least, against the plaintiff's claim. The two claims grew out of the same transaction, and the consideration of each undertaking rested upon the other. Here then was a clear equity intervening, that one obligation should not be enforced unless the other was satisfied, and that each claim, if neither undertaking was performed, should, as far as they were equal, cancel and satisfy the other.

The judgment of the special term must therefore be affirmed.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, Welles* and *T. R. Strong*, Justices.]